# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KIMBERLY BIGGANS,     )
            )
   Plaintiff,     )
            ) C.A. No. N25C-11-058 FWW
   v.       )
            )
TRACY BUCHANNAN claims adjuster )
and DOUGLAS T. WALSH,   )
            )
   Defendants.    )

Submitted: January 2, 2026
Decided: March 18, 2026

*Upon Defendant's Motion to Dismiss*
**GRANTED**

## ORDER

Kimberly Biggans, 2204 Jamaica Drive, Wilmington, DE 19810, Plaintiff, *pro se.*

Aaron E. Moore, Esquire, MARSHALL DENNEHEY, P.C., 1 Righter Parkway, Suite 301, Wilmington, DE 19803, Attorney for Defendant Douglas T. Walsh.

**WHARTON, J.**

This 18th day of March, 2026, upon consideration of the Motion to Dismiss of Defendant Douglas T. Walsh ("Walsh"),[1] Kimberly Biggans' ("Biggans") Response,[2] and the record in this case, it appears to the Court that:

1.      On November 10, 2025, Biggans filed her handwritten *pro se* Complaint naming Walsh and Tracy Buchannan ("Buchannan") as defendants.[3] Buchannan is identified as a claims adjuster in the caption of the Complaint. The Complaint appears to be a follow-on to prior litigation in which Biggans was the Plaintiff. In that case, *Kimberly Biggans v. T & F Logistics et al.,*[4] Biggans, who was represented by counsel initially, alleged that she had been injured by the defendants when they negligently lost control of a refrigerator they were removing from her residence causing it to fall on her.[5] Apparently, Biggans and her attorney had a falling out and he was allowed to withdraw.[6] Biggans was unable to find substitute counsel.[7] Ultimately, the Court granted summary judgment in favor of

---

[1] Mot. to Dismiss, D.I. 10.
[2] Pl.'s Resp., D.I. 11.
[3] Complaint, D.I. 1.
[4] N17C-11-062 DCS.
[5] *Id.* at D.I. 1.
[6] *Id.* at D.I. 36, 42.
[7] *Id.* at D.I. 52.

the defendants due to Biggans inability to procure a liability expert.[8]  Walsh represented the defendants in that case.[9]

2.      The current Complaint rehashes some of that history.[10]  The Complaint mentions that Walsh had expressed a desire to Biggans' then-attorney to have his own liability expert view the site of the incident, but never followed through with that.[11]  Instead, he moved for summary judgment when Biggans failed to produce a liability expert.[12]  The Complaint concludes with Biggans stating that "to my knowledge 'I never gave consent on filing a claim,'" and "'Suing' is against 'my morals.'"[13]  Nowhere in the Complaint does Biggans offer a theory of liability or a claim for damages.

3.      Walsh moves to dismiss under Superior Court Civil Rule 12(b)(6) for failure to state a claim.[14]  Walsh interprets the Complaint as one for legal malpractice and cites authority in support of dismissal.[15]  The Court is not so sure, but it is as good an interpretation of the Complaint as any.   The thrust of Walsh's argument is the common sense proposition that an attorney cannot be liable for legal malpractice

---

[8] *Id.* at D.I. 67.
[9] *Id.* at D.I. 7.
[10] D. I. 1.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] D.I. 10.
[15] *Id.* at ¶¶ 11-16.

for a claim made by someone the attorney never represented.[16]  In her Response, Biggans claims she is attempting to collect a debt, but the Response appears to be just a more expansive recitation of what transpired in the earlier case.[17]

4.      A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[18]  The Court's review is limited to the well-pled allegations in the complaint.[19]  In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[20]  Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[21]

5.      The pleading standards governing a motion to dismiss in Delaware are minimal.[22]  Delaware is a notice pleading jurisdiction, and a complaint need only

---

[16] *Id.*

[17] Pl.'s Resp., D.I. 11.  Biggans identifies the case as a debt action on the Civil Case Information Sheet, D.I. 1.

[18] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).

[19] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[20] *Id.*

[21] *Id.*

[22] *See Central Mort. Co. v. Morgan Stanley Mort. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011).

"give general notice as to the nature of the claim asserted against the defendant in order to avoid dismissal for failure to state a claim."[23]

6.  The Complaint here fails to meet even that low bar. It makes no legally cognizable claim in contract, tort, debt, or any other cause of action by which claims may be brought in this Court. It literally fails to state a claim of any sort. Superior Court Civil Rule 8(a) provides, that a claim for relief "shall contain (1) a short and plain statement of the claim showing the pleader is entitled to relief and (2) a demand for judgment for the relief to which the party deems itself entitled."[24] Biggans Complaint does neither.

**THEREFORE**, Defendant Douglas T. Walsh's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.

---

[23] *Nye v. Univ. of Del.*, 2003 WL 22176412, at \*3 (Del. Super. Ct. Sept. 17, 2003); *see also* Super. Ct. Civ. R. 8(a)(1).
[24] Super. Ct. Civ. R. 8(a).